UNITED STATES DISTRICT COURT
EASTERN DRISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RENEE DRAKE,**

                    Plaintiff,                  No. 12-cv-13373-GER-RSW
                                                         Hon. Gerald E. Rosen

**vs.**

**U.S. BANK NATIONAL, ASSOCIATION,**
as Trustee for Citigroup Mortgage Loan Trust Inc.
Asset Backed Pass-Through Certificates Series2006-AMC 1,
and **HOMEWARD RESIDENTIAL, INC.,**
**f/k/a AMERICAN HOME MORTGAGE SERVICING, INC.,**
**a/k/a AHMSI, INC.,** a foreign corporation,

                    Defendants.

_____/

## OPINION AND ORDER GRANTING
## DEFENDANTS' MOTION TO DISMISS

### I.      INTRODUCTION

Plaintiff Renee Drake filed this mortgage foreclosure action in the Oakland County Circuit Court on July 5, 2012, alleging: (i) foreclosure procedure violation; (ii) innocent or negligent misrepresentation; (iii) violation of the Michigan Consumer Protection Act; and (iv) injunctive relief. Defendants U.S. Bank National Association and Homeward Residential, Inc., f/k/a American Home Mortgage Servicing, Inc. (AHMSI) removed the case to this Court on July 31, 2012, and timely filed the instant Motion to Dismiss on January 7, 2013. The property in question has not been sold, and Plaintiff seeks to prevent its sale. Defendants argue that they have complied with all of their pre-foreclosure obligations and are entitled to proceed with the sale.

## II.     STATEMENT OF FACTS

On August 4, 1992, Plaintiff purchased a home located at 25019 Acacia Street, Southfield, MI, 48033.  On May 9, 2006, Plaintiff refinanced her home with Ameriquest Mortgage Company, which she secured by signing a promissory note in the amount of $133,250.  On October 15, 2007, Ameriquest sold, assigned, and transferred all the right, title, and interest of Plaintiff's mortgage to Defendant U.S. Bank National Association, as Trustee for Citigroup Mortgage Loan Trust Inc.  (Pl.'s Resp. Br., Ex. B).  Defendant Homeward Residential, Inc., f/k/a American Home Mortgage Servicing, Inc. (AHMSI), acted as servicer for U.S. Bank.  *Id.*

Plaintiff fell behind on her mortgage payments and applied for a loan modification under the Home Affordable Modification Plan (HAMP) Program.  On June 17, 2010, Plaintiff received a letter from AHMSI informing her that she was approved for a Trial Period Plan (TPP) under HAMP.  (Pl.'s Resp. Br., Ex. D).  The letter informed Plaintiff that she would be eligible for a loan modification if she: (1) made three timely payments in the amount of $979.60; and (2) submitted the required documentation.

Plaintiff made the required monthly payments -- covering August, September, and October 2010 -- and submitted the requested documents to AHMSI.  However, at the conclusion of the TPP, Plaintiff stopped making mortgage payments.  Plaintiff says that she did not pay because she did not receive the loan modification agreement.  In May 2011 -- almost eight months after Plaintiff's final TPP payment -- AHMSI informed her (i) that her loan had been modified and (ii) that she was now required to make her November 2010 mortgage payment in the amount of $979.60.  (Pl.'s Resp. Br., Ex. F).

2

Plaintiff did not make the November 2010 payment or any of the subsequent payments required by her modified mortgage agreement.

On October 10, 2011, AHMSI's "Designated Agent," Orlans Associates P.C. ("Orlans"), sent Plaintiff a pre-foreclosure notice, indicating (i) that Plaintiff's mortgage was in default and (ii) that Plaintiff now owed $5,309.76, calculated as six monthly payments of $498.11 plus escrow payments of $2,321.10.  (Pl.'s Resp. Br., Exhibit H). The letter also stated that Plaintiff must directly contact Orlans to schedule a meeting within 14 days from the date of the pre-foreclosure notice to work out a modification of the mortgage loan to avoid foreclosure.  While Plaintiff asserts that the parties engaged in negotiations, they could not come to an agreement and AHMSI proceeded with foreclosure.

On January 12, 2012, Orlans sent Plaintiff the notice of sale, which identified U.S. Bank National Association as the owner and holder of the mortgage.  (Pl.'s Resp. Br., Ex. C).  On that same day, the notice of sheriff's sale was published in Detroit Legal News, indicating that the sale was scheduled for February 14, 2012.

Defendants voluntarily extended the sale date to July 17, 2012.  On July 3, 2012, Plaintiff filed this action in state court.  On July 17, 2012, the state court entered an *ex parte* Temporary Restraining Order (TRO) staying the foreclosure.  Defendants removed the case to this Court on July 31, 2012.  The state court TRO expired on August 1, 2012, but Defendants have continued to voluntarily adjourn the foreclosure sale in an attempt to work out a loan modification.  On August 9, November 15, and December 6, 2012, by stipulation between the parties, this Court entered orders extending the time for

3

Defendants to file a responsive pleading in order to assess Plaintiff's eligibility for a loan modification.  However, the parties could not reach an agreement.

Defendants filed the instant Motion to Dismiss on January 7, 2013.   Upon reviewing the parties' submissions, the pleadings, and the record, the Court finds that the relevant allegations, facts, and legal arguments are adequately presented in these materials, and that oral argument would not significantly aid the decision-making process.  Accordingly, the Court will decide Defendant's motion "on the briefs."  *See* Local Rule 7.2(d).

### III.    ANALYSIS

### A.    Standard of Review

In deciding a motion brought under Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in the light most favorable to Plaintiff and accept all well-pled factual allegations as true.  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).   To withstand a motion to dismiss, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations in the complaint, accepted as true, "must be enough to raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face."  *Id*. at 570.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   The Court must "construe the complaint in the light most favorable to the

4

plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

If the well-pled facts in Plaintiff's Complaint -- accepted as true -- are insufficient for Plaintiff to recover on a claim, that claim must be dismissed. *Iqbal*, 556 U.S. at 680 ("Because the well-pleaded fact of parallel conduct, accepted as true, did not plausibly suggest an unlawful agreement, the Court held the plaintiffs' complaint must be dismissed.").

**B.    Plaintiff's Claims**

**1.    Foreclosure Procedure Violation (Count I)**

Count I alleges that the pre-foreclosure notice did not comply with MCL § 600.3205a, which requires a foreclosuring party send a pre-foreclosure notice to a borrower including a designated agent's contact information. Plaintiff alleges that the pre-foreclosure notice (i) was not sent by the foreclosing party itself and (ii) failed to identify the foreclosing party's designated agent, with whom Plaintiff could negotiate. Defendants counter that the Plaintiff's Complaint is deficient because (i) AHMSI -- as a mortgage servicing agent -- was authorized to send Plaintiff the pre-foreclosure notice and (ii) the pre-foreclosure notice identified Orlans Associates P.C. as the designated agent for Plaintiff to contact.

5

Count I fails as a matter of law.  Michigan law provides that a foreclosing party is "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."  MCL § 600.3204d; *see also Residential Funding Co., LLC v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011).  Since AHMSI is the servicing agent of U.S. Bank National Association, the pre-foreclosure notice was properly sent under MCL § 600.3204d.

And while Michigan law requires that a designated agent is named, Plaintiff's claim that the pre-foreclosure notice did not contain a designated agent is demonstrably false.  Plaintiff's own documents attached to her Complaint shows that the pre-foreclosure notice identifies Orlans as AHMSI's designated agent. (Pl.'s Resp. Br., Ex. H).  The pre-foreclosure notice further states that Plaintiff may contact Orlans within 14 days from the date of the pre-foreclosure notice to discuss negotiations.  *Id*.

Consequently, Count I lacks facial plausibility and must be dismissed.


### 2.    Negligent or Innocent Misrepresentation (Count II)

In Count II, Plaintiff alleges that AHMSI made misrepresentations regarding Plaintiff's loan repayment obligations, thereby creating the confusion that caused Plaintiff's default.  In pleading misrepresentation, however, "a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The Sixth Circuit has interpreted Rule 9(b) as requiring that plaintiffs "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were

6

fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008). "The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendants to answer, addressing in an informed way plaintiff's claim of fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993) (internal quotations and corrections omitted). When a party fails to meet its Rule 9(b) burden, dismissal is warranted.

Plaintiff's claim that she was not clear on whether she had to make payments immediately or wait until she received an email from the national HAMP escalation office falls far short of Rule 9(b)'s required specificity. Nowhere does Plaintiff explain (i) which statements were allegedly false, (ii) who made the allegedly false statements, (iii) where or when the statements were made, or (iv) why such statements were false. Plaintiff's confusion regarding the terms of her agreement, without more, is insufficient to state a claim for fraud. As such, Count II must be dismissed.

### 3.     Violation of the Michigan Consumer Protection Act (Count III)

Count III alleges that Defendants violated Michigan Consumer Protection Act (MCPA) § 445.252(e), which provides that a debt collector may not make inaccurate, misleading, untrue, or deceptive statements while collecting the debt. *Bolone v. Wells Fargo Home Mortgage, Inc.*, 858 F. Supp. 2d 825, 837 (E.D. Mich. 2012). Plaintiff alleges that Defendants made misleading, untrue, and inaccurate statements in their attempt to foreclose her mortgage, which confused her and caused her to default on her mortgage. As with Count II, however, Plaintiff has failed to plead misrepresentation with

7

the particularity required by Rule 9(b).  Consequently, Count III must be dismissed for failure to state a claim.

### 4.    Injunctive Relief (Count IV)

Count IV alleges injunctive relief to halt the sale of Plaintiff's home. However, "injunctive relief" is not a cause of action.  *Terlecki v. Stewart*, 278 Mich. App. 644, 663, 754 N.W.2d 899, 912 (2008) ("It is well settled that an injunction is an equitable remedy, not an independent cause of action.").  Because no set of facts could support a finding of "injunctive relief" against Defendants, Count IV is DISMISSED.

## IV.    CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss **[Dkt. # 7]** is **GRANTED**.

**IT IS SO ORDERED.**

Dated:       July 15, 2013                    s/Gerald E. Rosen
                                              GERALD E. ROSEN
                                              CHIEF, U.S. DISTRICT COURT

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 15, 2013, by electronic and/or ordinary mail.

                                              s/Julie Owens
                                              Case Manager, (313) 234-5135